# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CASA ARENA BLANCA, LLC,

        Plaintiff,

vs.                                            Case No. 1:20-cv-00314-JCH-SCY

LADONNA KAY RAINWATER,
DECEASED, BY THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF, BARRY GREEN,
ESQ.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On March 31, 2025, the Estate filed a *Motion to Confirm Arbitrator's Award, Arbitrator's Order Awarding Costs, Arbitrator's Order Awarding Attorney Fees, and Motion to Enter Judgment* (ECF No. 58). The Estate seeks an order confirming the arbitrator's awards and judgment in the amount of the awards "with interest to accrue at the rate of 15% per annum beginning January 29, 2025, the date the Arbitrator entered judgment." (Def.'s Mot. 2, ECF No. 58.) Plaintiff Casa Arena Blanca, LLC, ("Casa Arena Blanca") did not file a response opposing the motion, and the deadline to file a response has passed. The Court, having considered the motion, evidence, record, and relevant law, will grant the motion to the extent it seeks confirmation of the Arbitrator's awards. The Court, however, will not enter judgment at this time. The Court will reserve ruling on the request to enter judgment until the Estate files with the Court a brief containing authority and explanation for its request for 15% interest from the date of the Arbitrator's award within 10 days of the entry of this Memorandum Opinion and Order. Casa Arena Blanca may file a response to that supplemental brief within 10 days after the supplement is filed.

I. BACKGROUND

Casa Arena Blanca brought this case under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, to compel Defendant Ladonna Kay Rainwater, Deceased, by the Personal Representative of the Wrongful Death Estate, Barry Green, Esq. (hereinafter "the Estate" or "Defendant") to arbitrate claims the Estate asserted against Casa Arena Blanca in the First Judicial District Court, New Mexico. This Court has diversity jurisdiction and jurisdiction over the parties, and venue is proper in this Court. *See* 28 U.S.C. § 1332; 9 U.S.C. § 9; 28 U.S.C. § 1391. On July 25, 2022, the Court granted Plaintiff's Motion to Compel Arbitration. (Mem. Op. and Order 2, ECF No. 43.) Shortly thereafter, this Court entered a stay of the case pursuant to 9 U.S.C. § 3 until arbitration had been held in accordance with the terms of the arbitration agreement. (Order, ECF No. 45.)

The arbitration hearing occurred on December 17-19, 2024. (Joint Status Report, ECF No. 56.) Arbitrator E.W. Shepherd, Esq., issued *Arbitrator Findings of Fact and Conclusions of Law* on January 29, 2025, in favor of the Estate and against Casa Arena Blanca on the claims for negligence and wrongful death. (*See* Def.'s Ex. 1, ECF No. 58-1; Joint Status Report, ECF No. 56.) The Arbitrator awarded $1,895,391.06 for the reasonable expenses of necessary medical care and treatment and $1,500,000.00 for pain and suffering and loss of the value of life, resulting in a total award of $3,395,391.06. (Def.'s Ex. 1, ECF No. 58-1 at 12 of 12.) The Arbitrator additionally awarded $5,000.00 in attorney's fees and $12,506.86 in total costs to the Estate and against Casa Area Blanca. (Def.'s Ex. 2 & 3, ECF No. 58-2 & 58-3.) The Estate now moves this Court to confirm the Arbitrator's awards and enter judgment.

I. ANALYSIS

**A. The Arbitrator's awards will be confirmed.**

Section 9 of the FAA allows parties to an arbitration agreement to apply to the United States court in and for the district within which the arbitration award was made "for an order confirming the award." 9 U.S.C. § 9. The "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* Casa Arena Blanca has not applied to vacate the award under either 9 U.S.C. § 10 or § 11. Consequently, the Court will grant the Estate's request to confirm the Arbitrator's awards of damages, attorney's fees, and costs.

### B. The Court will not enter judgment until it receives supplemental briefing on the issues of the proper interest rate and date of accrual.

The Estate asks for a judgment "with interest to accrue at the rate of 15% per annum beginning January 29, 2025, the date the Arbitrator entered judgment." (Def.'s Mot. 2, ECF No. 58.) The Estate does not provide any authority or analysis for its request for 15% interest.

Post-judgment interest on an attorney's fees award is a question of federal law controlled by 28 U.S.C. § 1961. *See Transpower Constructors v. Grand River Dam Authority*, 905 F.2d 1413, 1423-24 (10th Cir.1990). Under § 1961, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The Estate has not shown that 15% is the correct rate calculation under § 1961(a). The Court will not impose interest without additional briefing with analysis and authority on the proper interest rate. The Estate also requests that the interest accrue as of the date the Arbitrator entered a "judgment." The Estate, however, is seeking entry of judgment from this Court. The Court requests briefing, citing to authority, about whether the Arbitrator's award constitutes the judgment from which post-judgment may accrue.

3

The Estate must file its supplemental brief within 10 days of entry of this Memorandum Opinion and Order setting forth reasons and authority supporting the Estate's position for the requested rate(s) and the date(s) the interest calculation begin. Before filing its supplemental brief, the Estate should attempt to get Casa Arena Blanca's position on whether it opposes the rates requested in the supplemental brief and state Casa Arena Blanca's position in the brief. If Casa Arena Blanca opposes the requested rates or the date(s) proposed for accrual of the interest to begin, it may file a response brief within 10 days after the Estate files the supplemental brief.

**IT IS THEREFORE ORDERED** that:

1. Defendant Ladonna Kay Rainwater, Deceased, by the Personal Representative of the Wrongful Death Estate, Barry Green, Esq.'s *Motion to Confirm Arbitrator's Award, Arbitrator's Order Awarding Costs, Arbitrator's Order Awarding Attorney Fees, and Motion to Enter Judgment* (**ECF No. 58**) is **GRANTED in part**. The Court **GRANTS** Defendant's request to confirm the Arbitrator's awards. The Court will **RESERVE RULING** on Defendant's request to enter judgment.

2. The Arbitrator's awards are **CONFIRMED**.

3. Defendant must file a supplemental brief **within 10 days** of entry of this Memorandum Opinion and Order setting forth reasons and authority supporting Defendant's position for the requested interest rate(s) and the date(s) the interest calculation should begin. If Casa Arena Blanca opposes the interest rates requested in the supplemental brief, it may file a response brief within 10 days of the date the Estate files the supplemental briefing.

_____
SENIOR UNITED STATES DISTRICT JUDGE